UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALFIERO,

    Petitioner,　　　　　　　　　　Case No. 2:12-CV-15308
　　　　　　　　　　　　　　　　　　　　Hon. Gerald E. Rosen
v.

THOMAS BIRKETT,

    Respondent.
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

    Robert Alfiero, ("Petitioner"), incarcerated at the Central Michigan Correctional Facility in Gratiot County, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges the Michigan Parole Board's refusal to grant him parole on his conviction for second-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520c. The petition for writ of habeas corpus is SUMMARILY DENIED WITH PREJUDICE.

### I. Background

    Petitioner pled no contest to one count of second-degree criminal sexual conduct in Macomb Circuit Court and was sentenced to three years of probation. On August 19, 2003, after he violated the terms of his probation, he was sentenced to 10-to-22½ years in prison. Petitioner alleges that on August 14, 2012, he was denied parole based on his "therapy termination report and psych evaluation." Petition, ¶ 12(4).

    Petitioner enumerates three claims:

    I. The Michigan Parole Board abused its discretion and violated the Plaintiff's due

process rights when they violated Michigan statutory law, Michigan Department of Corrections policy, administrative rules, and the no contest part of Plaintiff's plea agreement at his parole board interview.

II. The Michigan Parole Board abused its discretion and violated the Plaintiff's due process rights, the no contest part of his plea agreement, a private right established by the Michigan Department of Corrections, and statutory law when they denied him parole on August 14, 2012.

III. The parole board abused its discretion and violated the separation of powers doctrine of the Constitution, and also the Double Jeopardy Clause of the Fifth Amendment when it denied parole on August 14, 2012.

## II. Discussion

Petitioner fails to state a claim upon which habeas relief can be granted. A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it, that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.

There is no constitutional right of a convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *See also Board of Pardons v. Allen*, 482 U.S. 369, 377, n. 8 (1987). Stated more succinctly, there is no federal constitutional right to be paroled. *Lee v. Withrow*, 76 F. Supp. 2d 789, 792 (E.D. Mich. 1999). Because Petitioner had no constitutional right to be paroled, the denial of parole cannot form the basis for a grant of habeas relief.

In any event, Petitioner's arguments are without merit. Petitioner contends that the parole board impermissibly relied on aspects of his plea, the termination of his therapy, and a psychological evaluation to deny him parole. It is permissible, however, for a parole board to deny an inmate release on parole because of the nature or severity of his criminal offense and sentence. *See e.g. Bell v. Anderson*, 301 Fed. Appx. 459, 462 (6th Cir. 2008); *Swihart v. Wilkinson*, 209 Fed. Appx. 456, 459 (6th Cir. 2006); *Bell v. Ohio Adult Parole Authority*, 23 Fed. Appx. 478, 479-80 (6th Cir. 2001). Indeed, "[r]ecidivism, community safety, the degree of success (and failure) of remedial programs for sex offenders in general and pedophiles in particular, and the consequences to the community of an erroneous decision to release," are valid considerations for the Michigan Parole Board to use in deciding whether to release a convicted sex offender on parole. *See Juarez v. Renico*, 149 F. Supp. 2d 319, 325 (E.D. Mich. 2001).

Petitioner also asserts that the denial of parole violated double jeopardy and the separation of powers doctrine. These arguments are spurious. Because Petitioner had no entitlement to parole prior to the completion of his sentence, the denial of parole cannot constitute double jeopardy. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). The denial of parole does not change the length of Petitioner's sentence, but merely denies him an early release. Therefore, it cannot be viewed as the imposition of more than one punishment for the same offense. *Mahn v. Gunter*, 978 F.2d 599, 602 (10th Cir. 1992); *Alessi v. Quinlan*, 711 F.2d 497, 500 (2d Cir. 1983); *Averhart v. Tutsie*, 618 F.2d 479, 483 (7th Cir. 1980); *Coronado v. U.S. Board of Parole*, 540 F.2d 216, 217 (5th Cir. 1976). Consequently, Petitioner's double jeopardy claim is without merit.

Likewise, Petitioner's claim that the denial of his parole violates the separation of powers between branches of state government raises a non-cognizable question of state law. *See Hackworth*

*v. Bell*, No. 08-11059, 2009 U.S. Dist. LEXIS 18956, 2009 WL 579414, at *6 (E.D. Mich. Mar. 5, 2009) (citing *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (holding that a claim asserting a conviction was obtained under an invalidly enacted statute, which also was allegedly a violation of the separation of powers clause, raised non-cognizable state-law issues)).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002).

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell v. Straub*, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). Because Petitioner does not have a protected liberty interest in being granted parole, he has failed to make a substantial showing of the denial of a constitutional right and is therefore not entitled to the issuance of a certificate of appealability on this claim. *See Heidelberg v. Illinois Prisoner Review Bd.*, 163 F.3d

1025, 1025-1027 (7th Cir. 1998). The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 17, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 17, 2012, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager